Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| LIZBETH RENOVALES MELÉNDEZ, JOSÉ ÁNGEL RENOVALES MELÉNDEZ, YAZMÍN DEL CARMEN RENOVALES MELÉNDEZ<br><br>Apelados<br><br>v.<br><br>ARNALDO TOUSETT BARBOT, su esposa JANE DOE y la SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMBOS, JOSÉ ERMITANIO CRUZ, su esposa FULANA DE TAL y la SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Apelante | KLAN202500409 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Juana Díaz<br><br>Sobre: *Desahucio por incumplimiento y otros*<br><br>Civil Núm. JD2024CV00167 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 23 de junio de 2025.

Comparece ante nos el Sr. Arnaldo Toussett Barbot ("Toussett Barbot o apelante") mediante el presente recurso de apelación. Solicita la revisión de la *Sentencia Parcial* dictada y notificada el 21 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Juana Díaz ("TPI"). En esta, se declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por la Sra. Lizbeth, el Sr. José Ángel y la Sra. Yazmín Del Carmen, todos de apellidos Renovales Meléndez ("apelados o codemandantes").

Así, el señor Toussett Barbot presentó una moción de reconsideración el 3 de abril de 2025. Sin embargo, la misma fue

declarada *No Ha Lugar* por incumplir con la Regla 47 de las Reglas de Procedimiento Civil, *infra*.[1]

Evaluada la totalidad del expediente, corresponde **desestimar** el presente recurso por falta de jurisdicción ante su presentación tardía. Veamos.

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes.

El **22 de marzo de 2024**, los apelados instaron una demanda por nulidad de contrato y desahucio contra el señor Toussett Barbot y el Sr. José E. Cruz Cruz ("señor Cuz Cruz") (En conjunto; "Arrendatarios").[2] En esencia, alegaron que el **13 de mayo de 2020**, la Sra. Loida Meléndez Casiano ("Meléndez Casiano") firmó un contrato de arrendamiento con los señores Toussett Barbot y Cruz Cruz por el término de diez (10) años sobre el bien inmueble sito en el barrio Sábana Llana 510, sector Renovales en el municipio de Juana Díaz. Adujeron que el aludido contrato fue autenticado ante el Notario Público Félix L. Negrón Martínez mediante el testimonio 16,782. Añadieron que los Arrendatarios incumplieron con el contrato al realizar construcciones, cambios y/o mejoras no autorizadas y atribuirse la posesión, uso y modificación de un vagón que estaba en los predios de la propiedad. Así, los apelados le solicitaron al TPI que: declarara nulo *ab initio* el contrato de arrendamiento otorgado el 13 de mayo de 2020; ordenara el desalojo de los Arrendatarios del inmueble; condenara a los Arrendatarios al pago de $25,000.00 para resarcir los daños y perjuicios; al pago de $10,000.00 por concepto de honorarios por temeridad; y, al pago de todo dinero adeudado por el uso de la propiedad.

---

[1] *Resolución Interlocutoria* emitida y notificada el 11 de abril de 2025.
[2] Anejo VI de la *Apelación Civil*, págs. 37 – 50.

El **24 de julio de 2024**, el señor Toussett Barbot contestó la demanda.[3] En esencia, negó las alegaciones sometidas.

Por su parte, la señora Meléndez Casiano solicitó el **19 de febrero de 2025** ser incluida como parte demandante o interventora en el pleito.[4] Sometida la posición de las partes,[5] el TPI aceptó la comparecencia de la señora Meléndez Casiano y ordenó su inclusión como parte interventora.[6]

Tras varios trámites procesales, el **21 de febrero de 2025** los apelados presentaron una *MOCIÓN SOLICITANDO SENTENCIA SUMARIA PARCIAL*.[7] Argumentaron, entre otras cosas, que no existe controversia sobre los hechos pertinentes a la anulabilidad y el incumplimiento del contrato. Apoyaron su solicitud en el contrato, una certificación registral, la *Resolución* sobre Declaratoria de Herederos y en hechos admitidos. Por lo cual, solicitaron que se declarara nulo el contrato firmado el 13 de mayo de 2020, o en la alternativa, se anulara el contrato y se declarara el incumplimiento del mismo.

El **17 de marzo de 2025** el apelante compareció en oposición a la sumaria presentada.[8] No obstante, el **18 de marzo de 2025** los apelados sometieron una réplica,[9] y una solicitud para que se adjudicara la solicitud de sentencia sumaria sin oposición.[10] En síntesis, adujeron que la oposición del señor Toussett Barbot no cumplió con las normas establecidas en la Regla 36 de las Reglas de Procedimiento Civil.

---

[3] Anejo XX de la *Apelación Civil*, págs. 77 – 82.
[4] Anejo LXXXII de la *Apelación Civil*, págs. 309 – 312.
[5] Anejos LXXXVIII, LXXXIX y XC de la *Apelación Civil*, págs. 333 – 335, 336 – 338, 339 – 353.
[6] *Resolución Interlocutoria* emitida el 4 de marzo de 2025 y notificada el 5 de marzo de 2025. Anejo XCIV de la *Apelación Civil*, págs. 359 – 360.
[7] Anejo LXXXIII de la *Apelación Civil*, págs. 313 – 325.
[8] Anejo CI de la *Apelación Civil*, págs. 379 – 383.
[9] Anejo CII de la *Apelación Civil*, págs. 384 – 391.
[10] Anejo CIII de la *Apelación Civil*, págs. 392 – 399.

El **19 de marzo de 2025**, el apelante se opuso tanto a que la moción de sumaria se adjudicara sin oposición como a la réplica de los apelados.[11]

Tras vencer el término concedido —18 de marzo de 2025— para oponerse a la solicitud de sentencia sumaria, el TPI dio por perfeccionada la solicitud. Así, dictó una *Sentencia Parcial* el **21 de marzo de 2025**,[12] y señaló que los siguientes hechos materiales no estaban en controversia:[13]

1. *La descripción registral del inmueble cuyo arrendamiento está en controversia, que está ubicado en el barrio Sábana Llana 510, sector Renovales en el municipio de Juana Díaz, se describe como sigue:*

   *RÚSTICA: BARRIO SABANA LLANA de Juana Díaz. Lote uno (1) Rural. Cabida: DOS MIL NOVECIENTOS CUARENTA Y CINCO PUNTO CINCUENTA Y SIETE (2,945.57) METROS CUADRADOS, equivalentes a cero punto siete cuarenta y nueve cuerdas (0.749 cdas.). Colindando por el Norte desde el punto dos (2) al punto cuarenta (40) del plano de inscripción con la Sucesión de Mario Mercado e hijos; por el Sur desde el punto cuatro (4) al punto veinticuatro (24) del plano de inscripción con calle exterior existente; por el Oeste desde el punto dos (2) al punto cuatro (4) del plano de inscripción con la parcela dedicada a uso público marcada con la letra "A"; y por el Este desde el punto veinticuatro (24) al punto cuarenta (40) del plano de inscripción con el lote número dos (2). Se segrega de la finca 12889 inscrita al folio doscientos veinticuatro (224) del tomo trescientos veinticinco (325), de Juana Díaz.-------------Inscrito al folio doscientos veintiocho vuelto (228vto) del tomo trescientos veinticinco (325) de Juana Díaz, finca número doce mil ochocientos noventa (12,890), Registro de la Propiedad Ponce I.[14]*

2. *Los titulares registrales de dicho inmueble son el Sr. José Ángel Renovales Colón y la Sra. Loida Meléndez Casiano.[15]*

3. *El Sr. José Ángel Renovales Colón, falleció el 10 de diciembre de 2012.[16]*

4. *Los únicos y universales herederos del Sr. José Ángel Renovales Colón, son los co-demandantes.[17]*

5. *Los co-demandantes son co-propietarios del inmueble en cuestión, adquiriendo sus participaciones por herencia dejada al fallecimiento por su señor Padre, el Sr. José Ángel Renovales Colón.*

---

[11] Anejo CIV de la *Apelación Civil*, págs. 400 – 403.

[12] Notificada el mismo día. Anejo V de la *Apelación Civil*, págs. 25 – 36.

[13] Anejo V de la *Apelación Civil*, págs. 28 – 30.

[14] *"Véase certificación registral expedida por la registradora Hon. María Rodríguez Cintrón"*. Cita en original. Anejo V de la *Apelación Civil*, pág. 28.

[15] *"Íd"*. Cita en original. Anejo V de la *Apelación Civil*, pág. 29.

[16] *"Véase resolución judicial en el caso PO2022CV00205"*. Cita en original. Anejo V de la *Apelación Civil*, pág. 29.

[17] *"Íd"*. Cita en original. Anejo 25 de la *Apelación Civil*, pág. 29.

> 6. *El contrato de arrendamiento en cuestión, fue celebrado el 13 de mayo de 2020, ante el notario Félix Negrón Martínez.[18]*
>
> 7. *El contrato fue firmado únicamente por Loida Meléndez Casiano, Arnaldo Toussett Barbot y José E. Cruz Cruz.[19]*
>
> 8. *El contrato de arrendamiento es por espacio de diez (10) años y solo contiene la dirección de la propiedad, no contiene la descripción registral del inmueble.[20]*
>
> 9. *El contrato de arrendamiento celebrado el 13 de mayo de 2020, no fue consentido por Lizbeth Renovales Meléndez.[21]*
>
> 10. *El contrato de arrendamiento celebrado el 13 de mayo de 2020, no fue consentido por José Ángel Renovales Meléndez.[22]*
>
> 11. *El contrato de arrendamiento celebrado el 13 de mayo de 2020, no fue consentido por Yazmín Del Carmen Renovales Meléndez.[23]*
>
> 12. *La demandante Lizbeth Renovales Meléndez, no estuvo presente en la oficina del Lcdo. Félix L. Martínez Negrón, el día en que se celebró el contrato.*
>
> 13. *La demandante Yazmín Del Carmen Renovales Meléndez, no estuvo presente en la oficina del Lcdo. Félix L. Martínez Negrón, el día en que se celebró el contrato.*
>
> 14. *Como cuestión de hecho, el contrato fue consentido por solo uno (1) de los cuatro (4) co-propietarios del inmueble[24]. La mayoría de los co-propietarios no consintieron el contrato.*
>
> 15. *El contrato celebrado el día 13 de mayo de 2020, no se hizo mediante escritura pública.[25]*
>
> 16. *Los co-demandados estaban obligados a notificar con treinta (30) días de anticipación, cualquier mejora que fuera a realizar en la propiedad.[26]*
>
> 17. *Los co-demandados estaban obligados a obtener autorización para realizar cualquier mejora en la propiedad.[27]*
>
> 18. *En violación del contrato, los co-demandados realizaron mejoras y/o modificaciones y/o cambios en*

---

[18] *"Véase contrato de arrendamiento".* Cita en original. Anejo V de la *Apelación Civil*, pág. 29.

[19] *"Íd".* Cita en original. Anejo V de la *Apelación Civil*, pág. 29.

[20] *"Íd".* Cita en original. Anejo V de la *Apelación Civil*, pág. 29.

[21] *"Hecho admitido mediante orden judicial [SUMAC 89]. Adicional y de forma independiente, un análisis del documento, refleja indubitadamente que, en el mismo no comparece, ni fue firmado por el Sr. José Á. Renovales Meléndez".* Cita en original. Anejo V de la *Apelación Civil*, pág. 29.

[22] *"Hecho admitido mediante orden judicial [SUMAC 89]. Adicional y de forma independiente, un análisis del documento, refleja indubitadamente que, en el mismo no comparece, ni fue firmado por el Sr. José Á. Renovales Meléndez".* Cita en original. Anejo V de la *Apelación Civil*, pág. 29.

[23] *"Hecho admitido mediante orden judicial [SUMAC 89]. Adicional y de forma independiente, un análisis del documento, refleja indubitadamente que, en el mismo no comparece, ni fue firmado por la Sra. Yazmín Del Mar Renovales Meléndez".* Cita en original. Anejo V de la *Apelación Civil*, pág. 29.

[24] *"Hecho admitido mediante orden judicial [SUMAC 89]. Adicional y de forma independiente, un análisis del documento, refleja indubitadamente que solo lo consintió la Sra. Meléndez".* Cita en original. Anejo V de la *Apelación Civil*, pág. 30.

[25] *"Hecho admitido mediante orden judicial [SUMAC 89]. Adicional y de forma independiente, un análisis del documento, refleja indubitadamente que se hizo mediante documento privado".* Cita en original. Anejo V de la *Apelación Civil*, pág. 30.

[26] *"Hecho admitido mediante orden judicial [SUMAC 89]. Adicional y de manera independiente, la obligación surge de manera expresa de las cláusulas del contrato".* Cita en original. Anejo V de la *Apelación Civil*, pág. 30.

[27] *"Íd".* Cita en original. Anejo V de la *Apelación Civil*, pág. 30.

*la propiedad arrendada, sin notificar, ni obtener la autorización de los arrendadores.*[28]

19. *En violación del contrato, los co-demandados abrieron un vagón de veinticinco pies (25') que está dentro de la propiedad arrendada, se adjudicaron la posesión, lo modificaron y lo están utilizando.*[29]

Basado en las determinaciones hechos antes dicha y en el derecho aplicable, el TPI determinó que no existía controversia sustancial sobre los hechos materiales y pertinentes en el asunto de la anulabilidad y el incumplimiento del contrato, por lo que declaró *Con Lugar* la sumaria presentada. Por lo tanto, decretó la nulidad del contrato celebrado el 13 de mayo de 2020 y determinó que el señor Toussett y el señor Cruz incumplieron las disposiciones de este. También, decretó el desahucio y desalojo de cualquier persona que estuviera ocupando la propiedad inmueble descrita, incluyendo al señor Toussett Barbot y al señor Cruz Cruz. Además, ordenó la continuidad de los procedimientos, a los únicos efectos de dilucidar y/o adjudicar los daños, si alguno, que dicho incumplimiento haya causado.

Inconforme, el **3 de abril de 2025** el señor Toussett Barbot presentó una *MOCION SOLICITANDO RECONSIDERACION DE SENTENCIA SUMARIA* [sic].[30] Entre otras cosas, adujo que en la moción de sentencia se les permitió a los apelados a pasar prueba en papel de hechos que estaban en controversias. Añadió que en el proceso judicial se violó al debido proceso de ley.

Tanto los apelados como la señora Meléndez Casiano replicaron la solicitud de reconsideración.[31] En esencia, adujeron que la moción de reconsideración era escueta, vaga y que no cumplía con la Regla 47 de las Reglas de Procedimiento Civil, *infra.*

---

[28] *"Hecho admitido mediante orden judicial [SUMAC 89]. Véase cláusula novena del contrato".* Cita en original. Anejo V de la *Apelación Civil*, pág. 30.

[29] *"Hecho admitido mediante orden judicial [SUMAC 89]. Véase cláusula décimo novena del contrato".* Cita en original. Anejo V de la *Apelación Civil*, pág. 30.

[30] Anejo IV de la *Apelación Civil*, págs. 20 – 24.

[31] Anejos II y III de la *Apelación Civil*, págs. 3 – 12 y 13 – 19.

Mediante una *Resolución Interlocutoria* emitida y notificada el **11 de abril de 2025**,[32] el TPI determinó lo siguiente:

> *EXAMINADA LA MOCIÓN SOLICITANDO RECONSIDERACIÓN DE SENTENCIA SUMARIA, LA MISMA NO CUMPLE CON LA REGLA 47 DE PROCEDIMIENTO CIVIL NI REFLEJA ADECUADAMENTE EL TRAMITE PROCESAL DEL CASO. CONFORME A LO ANTERIOR, SE DECLARA NO HA LUGAR DE PLANO; EN SU CONSECUENCIA, SE DECLARA HA LUGAR A LA RÉPLICA A RECONSIDERACION Y HA LUGAR A MOCIÓN EN OPOSICION A MOCION SOLICITANDO RECONSIDERACIÓN DE SENTENCIA SUMARIA.*[33]

Inconforme aun, el **9 de mayo de 2025** el señor Toussett Barbot presentó el recurso de apelación epígrafe y señaló la comisión de los siguientes errores:

I. *ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA SUMARIA EXISTIENDO HECHOS EN CONTROVERSIA Y DETERMINAR QUE PROCEDIA COMO CUESTIÓN DE DERECHO BAJO EL CODIGO CIVIL, ADEMAS DE QUE LA PARTE APELADA NO ACOMPAÑO DECLARACIONES JURADAS A SU SOLICITUD DE SENTENCIA SUMARIA.* [sic].

II. *ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO CITAR A VISTAS NI PERMITIR QUE LA PARTE APELANTE PUDIESE HACER UN DESCUBRIMIENTO DE PRUEBA A PROPIETARIA QUE FIRMO EL CONTRATO DE ARRENDAMIENTO QUE NO FUE INCLUIDA EN LA DEMANDA ORIGINALMENTE.* [sic].

III. *ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL MOSTRAR CLARA PARCIALIDAD Y PERJUICIO EN SUS ACTUACIONES A FAVOR DE LA PARTE APELADA.* [sic].

Por su parte, el **19 de mayo de 2025** los apelados sometieron un escrito intitulado: *MOCIÓN DE DESESTIMACIÓN DE APELACIÓN.* En resumen, solicitan la desestimación del recurso por tardío, dado que la moción de reconsideración presentada por el señor Toussett Barbot fue rechazada de plano por no cumplir con la Regla 47 de las Reglas de Procedimiento Civil, *infra*, lo que no tuvo el efecto de paralizar el término jurisdiccional de 30 días para acudir ante este Tribunal de Apelaciones.

---

[32] Anejo I de la *Apelación Civil*, págs. 1 – 2.
[33] *Íd.*, a la pág. 1.

Así, el **22 de mayo de 2025** dimos por perfeccionado el recurso para la consideración del Panel.

**-II-**

**-A-**

El Tribunal Supremo de Puerto Rico ha señalado en reiteradas ocasiones que las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente.[34] En el caso particular de la *Apelación*, la Regla 52.2 (a) de Procedimiento Civil establece que:

> *(a) Recursos de apelación. Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del **término jurisdiccional** de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.*[35]

No obstante, el mencionado término admite interrupción ya que la aludida Regla 52.2, en su inciso (e), [36] dispone que el término para apelar se interrumpirá por la presentación oportuna de una moción de reconsideración, sujeto a lo dispuesto en la Regla 47 de Procedimiento Civil, *infra*.

La Regla 47 de Procedimiento Civil,[37] es conocida por proveer un mecanismo que permite que los tribunales modifiquen o corrijan aquellos errores en los que hubiesen incurrido al dictar órdenes, resoluciones y sentencias.[38] En lo pertinente a esta controversia, la citada Regla 47 dispone que:

> *[L]a parte adversamente afectada por una **sentencia** del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.*
> ***La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales****.*

---

[34] *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007).
[35] Regla 52.2 (a) de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 52.2 (a); además, véase la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13. Énfasis nuestro.
[36] 32 LPRA Ap. V, R. 52.2 (e).
[37] Regla 47 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 47.
[38] *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 166 (2016).

KLAN202500409                                                            9

> ***La moción de reconsideración que no cumpla con
> las especificidades de esta regla será declarada "sin
> lugar" y se entenderá que no ha interrumpido el término
> para recurrir.***
> [...].[39]

Nótese, que la mera presentación oportuna de una solicitud de reconsideración que cumpla con **todos** los requisitos dispuestos en la regla en discusión, tiene el efecto de paralizar automáticamente los términos concedidos por ley para recurrir en alzada hasta tanto el TPI resuelva la solicitud.[40] Sin embargo, el **efecto interruptor no operará** si la moción de reconsideración no cumple con las especificidades dispuestas en la aludida Regla 47.[41]

**-B-**

A tono con lo antes dicho: *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[42] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[43] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[44]

Por ello, la Regla 83 del Reglamento de este Tribunal de Apelaciones nos faculta para desestimar un recurso por cualquiera de las instancias allí dispuestas.[45] En lo pertinente a la controversia que nos ocupa, la citada Regla 83, incisos (B)(1), (C) se dispone:

> *(B) Una parte podrá solicitar en cualquier momento la
> desestimación de un recurso por los motivos siguientes:*
> > *(1) que el Tribunal de Apelaciones carece de
> > jurisdicción.*
> > *[...]*

---

[39] 32 LPRA Ap. V, R. 47. *Énfasis nuestro.*
[40] *Rivera Marcucci v. Suiza Dairy, supra*, pág. 167.; *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7-8 (2014).
[41] *Rivera Marcucci v. Suiza Dairy, supra*, pág. 167. *Énfasis nuestro.*
[42] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[43] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[44] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[45] 4 LPRA Ap. XXII-B, R. 83.

*(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de **apelación** o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[46]

En fin, sabido es que un recurso tardío, al igual que uno prematuro, "*adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*", por lo que **debe** ser desestimado.[47] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[48]

### -III-

Basados en los hechos y la normativa antes expuesta, concluimos que carecemos de jurisdicción para atender el recurso de apelación por ser presentado tardíamente. Explicamos.

Del expediente surge que el TPI emitió y notificó la *Sentencia Parcial* apelada el **21 de marzo de 2025**. Oportunamente el apelante presentó una moción de reconsideración el **3 de abril de 2025**. Sin embargo, al examinar la referida moción, coincidimos con el foro sentenciador en que esta no cumplió con las especificidades dispuestas en la citada Regla 47 de Procedimiento Civil.

En consecuencia, la presentación de la moción de reconsideración **no** tuvo el efecto de interrumpir el término jurisdiccional de 30 días para acudir en apelación ante este Tribunal de Apelaciones. Por lo que carecemos de jurisdicción para atender el presente recurso —*radicado el 9 de mayo de 2025*— ante su presentación tardía. Ello, nos priva de jurisdicción para atender el mismo en sus méritos. En consecuencia, procede su desestimación.

### -IV-

Por los fundamentos antes expuestos, se desestima el presente recurso por falta de jurisdicción.

---

[46] *Ídem*, R. 83(B)(1),(C). Énfasis nuestro.
[47] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *SLG Szendrey-Ramos v. F. Castillo, supra*, pág. 883.
[48] *Íd.*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones